

March 3, 2021

**Virginia M. Markovich**
Direct Phone      212-453-3731
Direct Fax   646-461-2077
vmarkovich@cozen.com

<u>**Via ECF**</u>
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:     **Allstate Insurance Company as subrogee of Edward Menicheschi v.**
          **Trane and Hayes Fluid Control**
          **Civil Action No.  19cv10751**

Dear Judge Cronan:

Our Firm represents Allstate Insurance Company a/s/o Edward Menicheschi in the above-referenced matter. We file, jointly with counsel for Defendants, this letter-motion pursuant to Federal Rule of Civil Procedure 26 and this Court's Individual Practice Rule 3.B. to respectfully request a stay of discovery pending the parties' upcoming mediation.

The original discovery deadline promulgated in the Civil Case Management Plan and Scheduling Order was May 15, 2020. *See* Exhibit A. On March 17, 2020, Plaintiff requested an extension of the discovery end date because certain material evidence was in the possession of a non-party to the action who refused to provide the evidence. *See* Exhibit B. The discovery deadline was extended to July 15, 2020. *Id.* Thereafter, on July 2, 2020, the Plaintiff requested another 60 day extension due to the COVID pandemic and because the expert for Defendant Hayes was undergoing surgery. *See* Exhibit C. The deadline was extended to October 16, 2020. *Id.* On September 4, 2020, Defendant Trane requested another extension to complete fact discovery which was granted to December 1, 2020. *See* Exhibit D. On December 1, 2020, Plaintiff requested a further extension because the destructive examination had to be rescheduled due to a lab technician testing positive for COVID. *See* Exhibit E. Your Honor granted the extension to February 8, 2021. *Id.* On January 21, 2021, the parties filed a joint-motion seeking an extension of deadlines in light of ongoing mediation efforts. *See* Exhibit F. The court granted the extension to April 1, 2021. *Id.*

We now write to request a stay of discovery pending the outcome of the mediation.

"[T]he district court has the inherent, discretionary authority to issue stays in many circumstances, including when appropriate to permit the parties to participate in mediation." *See In re Knapp*, No. 3: 17 - CV - 2130 (CSH), 2018 WL 5263275, at \*17 (D. Conn. Oct. 23, 2018) (staying discovery to allow parties to engage in mediation); *see Amusement Indus., Inc. v.* Stern, No. 07 Civ. 11586 (LAK) (GWG), 2014 WL 4460393, at \*8 (S.D.N.Y. Sep. 10, 2014) ("Court granted the parties' request to stay discovery pending a mediation."); *see ArrivalStar, S.A. v. Blue Sky Network,  LLC*, 2012 WL 588806, at \*2 (N.D. Cal. Feb. 22, 2012) ("The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party."); *see also Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th

Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate.").

To date, the parties have exchanged in discovery pursuant to Fed. R. Civ. P. Rule 26(a)(1). The parties conducted an inspection of the premises on February 20, 2020. The defendants have also deposed three adjusters from the plaintiff's insurance company and also deposed the unit owner.

Since the last status letter to court on January 21, 2021, Defendant Hayes provided to the Mediator the list of damages calculation that it disputed. *See* Exhibit G. Plaintiff has reviewed Defendant Hayes' disputed calculations and submitted the reasoning for its evaluations. *Id*. The parties are presently scheduled for a conference call with the Mediator on March 8, 2021. During the conference call, a Mediation date will be designated.

With respect to destructive testing of the pertinent evidence, the parties have encountered numerous challenges. The testing had to be re-scheduled three times because of the outstanding quarantine orders due to COVID-19. Also, in order to conduct a further examination on the unit, the parties require the release of the evidence, namely a hose and valve that was disconnected from the water heater unit at issue. This evidence is currently in the custody and control of Arti Goga of The Beekman Regent Condominium, a non-party to this action. Because this evidence is outside of the control of Plaintiff, and requires coordination amongst all parties and their experts, the examination has not yet taken place.

The grant of a stay of discovery will serve the interests of judicial economy, as well as conserve the parties' time and resources. The Defendants are participating in mediation in an attempt to resolve the instant action without engaging in additional discovery or the destructive examination. Should the mediation successfully resolve the dispute, the requested stay will have the effect of avoiding expenses in undertaking the destructive examination or engaging in further fact and expert discovery following the destructive testing. Depositions of the defendants or the experts have not yet taken place because the parties need the results from the destructive testing in order to adequately prepare for these depositions.

The parties anticipate that a ninety (90) day stay will allow the parties sufficient time to conduct mediation, and potentially obviate the need for the resumption of the litigation. The parties will file a joint status report following the conference call on March 8, 2021 to advise the court of the scheduled mediation date.

As such, we respectfully request a stay of the Court's discovery deadline so that the parties can engage in mediation efforts. All parties consent to the stay of discovery.

Sincerely,

COZEN O'CONNOR

*N.M*

BY:    VIRGINIA M. MARKOVICH

VMM

cc: All Counsel of Record via ECF

On January 22, 2021, the Court informed the parties that it was unlikely to grant further extension requests because discovery has already been extended by nearly one year. (Dkt. 50.) The parties have now moved to stay discovery rather than extend it.

This request is denied. Discovery shall proceed while the parties attempt to resolve this case through mediation. The parties are of course free to request a further extension if they are unable to complete discovery by April 1, 2021, but the Court is unlikely to grant it absent very good cause.

SO ORDERED.

Date: March 3, 2021

New York, New York

JOHN P. CRONAN
United States District Judge